*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0909**

In the Matter of:

Sharonda Nicks, petitioner,
Appellant,

vs.

Sativa Rouse,
Respondent.

**Filed May 6, 2024**
**Affirmed**
**Bjorkman, Judge**

Hennepin County District Court
File No. 27-FA-23-281

Leina D. Holte, Stone Arch Law Office, PLLC, Minneapolis, Minnesota (for appellant)

Sativa Rouse, Minneapolis, Minnesota (pro se respondent)

Considered and decided by Bjorkman, Presiding Judge; Smith, Tracy M., Judge; and Slieter, Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

Appellant challenges the district court's dismissal of her petition to establish visitation with her grandchildren following the death of her son, their father. Because we discern no abuse of discretion, we affirm.

## FACTS

Respondent Sativa Rouse (mother) and D.J. had two children, born in 2014 and 2016.[1] Shortly after D.J.'s death in January 2023, his mother, appellant Sharonda Nicks (grandmother), petitioned for grandparent visitation. Mother opposed the petition and submitted documents from various cases involving the family, including a harassment restraining order (HRO) that mother obtained against grandmother in February 2020, and a complaint charging grandmother with violating it in August 2021; an April 2021 order resolving custody and parenting-time issues between mother and D.J.; a July 2021 order denying grandmother's request for third-party custody of one of the children; and an October 2022 report in a Stearns County child-protection matter.

The matter was assigned to a judicial officer who presided over earlier matters involving the family, including the April 2021 custody and parenting-time issues. Both parties represented themselves at the April 2023 hearing. Based on their arguments and evidence, and noting its familiarity with the family's litigation history, the district court found that awarding grandmother any visitation is likely to interfere with the parent-child relationship and is not in the children's best interests. Accordingly, the court dismissed the petition.

Grandmother appeals.

---

[1] Mother did not file a brief, but we consider the appeal on its merits under Minn. R. Civ. App. P. 142.03.

**DECISION**

If a minor child's parent is deceased, a district court may grant the parent of the deceased parent "reasonable visitation rights" if it finds that visitation would (1) "be in the best interests of the child," and (2) "not interfere with the parent child relationship." Minn. Stat. § 257C.08, subd. 1 (2022). "The court shall consider the amount of personal contact between the parents or grandparents of the deceased parent and the child prior to the application." *Id.* The party seeking visitation must prove the statutory factors by clear and convincing evidence. *SooHoo v. Johnson*, 731 N.W.2d 815, 820, 823 (Minn. 2007). If the party seeking visitation fails to do so, the court must dismiss the petition. *Smith v. Kessen*, 996 N.W.2d 581, 589 (Minn. App. 2023), *rev. denied* (Minn. Jan. 31, 2024).

We review an order dismissing a grandparent-visitation petition for an abuse of discretion. *Id.* at 585. "A district court abuses its discretion if its findings are unsupported by the evidence, if it does not properly apply the law, or if its decision goes against logic and the facts on the record." *Ewald v. Nedrebo*, 999 N.W.2d 546, 551 (Minn. App. 2023), *rev. denied* (Minn. Feb. 28, 2024). We will not disturb the district court's factual findings unless they are clearly erroneous, and we leave credibility determinations to the "sound judgment of the district court." *Id.* at 552.

Grandmother argues that the district court abused its discretion by dismissing her visitation petition, urging several bases for reversal. First, she contends the district court abused its discretion by denying her visitation request without considering the time the children have spent with her. We disagree. While the court did not make exhaustive findings on the issue, it did consider the children's contact with grandmother: It noted at

3

the hearing that grandmother has "been involved in [the] kids' lives" and found in its order that the children have "been ping-ponged between homes for the past several years," referencing various cases that document the children's time with grandmother.

Second, grandmother asserts that the district court failed to make the required findings of fact as to the children's best interests. The law and the record defeat this assertion. As noted above, the law permits a district court to award grandparent visitation if it is in the children's best interests *and* will not interfere with the parent-child relationship. Minn. Stat. § 257C.08, subd. 1. Nothing requires a court to make findings on both factors; a petitioner's failure to establish either one precludes the court from awarding grandparent visitation. But the district court did address best interests, finding that the children "have been ping-ponged between homes for the past several years in several different court cases" and "need to spend consistent time with [m]other," so granting grandmother visitation is "not in their best interests *at this time*."

Finally, grandmother argues that the district court clearly erred by finding that visitation will interfere with the parent-child relationship. The record defeats this argument. The district court identified several reasons for finding that awarding "any visitation" to grandmother "*will* – most definitely" interfere with the parent-child relationship, including grandmother's: (1) "angry" demeanor at the hearing, (2) statement that she would "keep searching for a reason to take those kids away from [mother] before [mother] takes them out of state," and (3) prior effort to acquire third-party custody of the son. And during the hearing, the court noted the family's history of conflict.

Grandmother's clear-error challenge is grounded in her contention that the district court misquoted her statement about taking the children away from mother. But even assuming that grandmother is correct, we are not convinced that the assumed inaccuracy warrants relief on appeal. Grandmother did say, "I'm going to have to keep searching till I find a reason that my grandkids should not be leaving the state where their family reside." But, on this record, we are satisfied that the district court accurately described grandmother's sentiment—that she will persist in her efforts to establish contact with the children and even influence where they live. This supports the finding that awarding grandmother visitation is likely to interfere with the parent-child relationship.

Grandmother also points to other statements she made during the hearing that reveal she does not want to interfere or fight with mother. The district court was free to discredit these statements, particularly considering the "angry" demeanor grandmother displayed during the hearing. And she claims error in the district court's finding that her unsuccessful third-party custody action suggests a likelihood of interference. But she identifies no authority precluding such an inference, and we discern ample basis for it in this family's history.

In sum, because the record supports the district court's findings of fact and its analysis comports with the requirements of Minn. Stat. § 257C.08, subd. 1, we discern no abuse of discretion in dismissing grandmother's petition for grandparent visitation.[2]

**Affirmed.**

---

[2] Grandmother also contends the district court erred by not considering her right to visitation under Minn. Stat. § 257C.08, subd. 3 (2022), which permits an award of grandparent visitation when the child has lived with the grandparent for 12 months or more. But that provision also requires a showing that visitation is in the children's best interests and unlikely to interfere with the parent-child relationship. Minn. Stat. § 257C.08, subd. 3. On this record, we are convinced that the district court's decision would have been the same under that provision. Accordingly, any error in failing to analyze that provision is harmless. *See Goldman v. Greenwood*, 748 N.W.2d 279, 285 (Minn. 2008) (citing Minn. R. Civ. P. 61).